PAT PARKER, INC., a body corporate, and
Maurice A. Goracoff, Appellants,

v.

UNITED STATES, Appellee.

No. 2580.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 12, 1960.

Decided Nov. 28, 1960.

———◆———

Myron G. Ehrlich, Washington, D. C., for
appellants.

Maurice R. Dunie, Asst. U. S. Atty.,
Washington, D. C., with whom Oliver
Gasch, U. S. Atty., and Carl W. Belcher,
Asst. U. S. Atty., Washington, D. C., were
on the brief, for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellants, a corporation and its president, were convicted under three counts of an information charging violations of the Automobile Information Disclosure Act, 15 U.S.C.A. § 1231 et seq., in that they removed or had removed those portions of the labels on three new automobiles that gave the name and location of the place of business of the dealer to whom they were delivered and the identification numbers of the automobiles.

Trial was had without a jury and at the conclusion of the Government's evidence (appellants offered none) the trial court orally announced:

"The facts that I've got in front of me that are uncontradicted are that under the supervision and the control of Mr. Goracoff, who is the president of Pat Parker, Incorporated, a group of six policemen went out to Pittsburgh to pick up six new 1959 Cadillacs which had been purchased by Mr. Goracoff in his capacity as a dealer in automobiles and were brought back here by these six policemen for the purpose of resale, which circumstances would, it seems to me, require that the automobile information labels required under the Act would have to be affixed to these cars during the whole time that they were in the possession of Pat Parker, Incorporated, or Mr. Goracoff up until the time they reached an ultimate good-faith, bona-fide purchaser who intended to use them for some use other than that of resale. So I think the obligation to have the information label inside the car was clear.

"I know from the testimony that the Pittsburgh dealer, Powers, received these automobiles with the certificates in due and proper form from the manufacturer. I think I have to infer from the testimony that they left Powers in Pittsburgh with the certificates in the same condition that they arrived

at Powers; and I know that within the matter of fifteen hours, fourteen hours, or thereabouts, the certificates on the lot at Pat Parker were in a condition where the alterations were material and against the letter of the statute.

"Now the question is, of course, whether I should infer that the alteration, even though it was not seen by any Government witnesses, should be inferred as having been made by the corporation through one of its officers or employes, and whether I should infer that it was made by Goracoff or under his direction or supervision or with his knowledge and acquiescence.

"It seems to me that in view of the time element involved, the fact that the location of the automobiles, so far as I know, has not been changed, and in view of the fact that so far as I know the automobiles have not been out of the control of Pat Parker and Goracoff in that period, and the fact that there have been suggested to me some reasonably strong motivations as to why he and his corporation might desire or have reason to gain from the alteration, and since I can't possibly conceive of any basis on which any other persons would have any motivation for doing this in the dark of the night, since further I know that from the type of alteration in which the same information has been removed from all the labels, I don't see how I could possibly reach any conclusion other than the fact that it is a wilful alteration in the sense that it is done by a reasoning mind and a purposeful mind.

"I conclude in this case that both defendants in this case are guilty of the offense with which they are charged on each one of these three vehicles set out in each one of the three counts, beyond a reasonable doubt; and I adjudge the corporate defendant and the individual defendant, respectively, guilty of count 1, count 2, and count 3 of the information."

Contrary to appellants' contention that the evidence was not sufficient to prove their guilt beyond a reasonable doubt, we hold that the evidence supported the trial court's findings and conclusions.

Affirmed.

Chief Judge ROVER sat during the argument of this case but died before it was decided.